Barclift v. Martin, 2018 NCBC 5.

STATE OF NORTH CAROLINA

DARE COUNTY

WILLIAM E. BARCLIFT,

        Plaintiff,

v.

ROY P. MARTIN and SUSAN R. MARTIN,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 580

**ORDER & OPINION OVERRULING OPPOSITION TO DESIGNATION AND DENYING MOTION TO REMAND**

1. THIS MATTER is before the Court on Plaintiff's Response In Opposition to Notice of Designation As Mandatory Complex Business Case and Motion to Remand ("Opposition"). The Court is publishing this Order & Opinion to provide guidance to the practicing bar on the statutory process for designating a case as a mandatory complex business case and to clarify apparent misconceptions regarding the requirements for designation.

*Wolcott Rivers Gates, by Richard E. Biemiller, for Plaintiff.*

*Ward and Smith, P.A., by E. Bradley Evans and Carline B. Mclean, for Defendants.*

Gale, Chief Judge.

2. Plaintiff William B. Barclift filed the Complaint in this action on November 6, 2017.

3. Defendant timely filed the Notice of Designation of Action As Mandatory Complex Business Case Under N.C. Gen. Stat. § 7A-45.4 ("NOD") on December 4,

2017.  Defendants contend that the action satisfies the requirements of section 7A-45.4(a)(1) of the North Carolina General Statutes because it presents a material dispute involving the law governing corporations, including disputes arising under Chapter 55.  (*See* Notice of Designation 2, ECF No. 6.)

4.      The case was designated as a mandatory complex business case by order of Chief Justice Mark Martin and assigned by the undersigned to the Honorable Gregory P. McGuire, Special Superior Court Judge for Complex Business Cases, on December 5, 2017.  (*See* Designation Order, ECF No. 1; Assignment Order, ECF No. 2.)

5.      Plaintiff timely filed his Opposition on January 5, 2018.  Defendants timely filed their response to the Opposition on January 9, 2018.

6.      The Opposition is ripe for ruling and is properly before the undersigned as the Chief Business Court Judge.

7.      The NOD is based on the allegations in Plaintiff's Complaint, and as such, the Court does not consider contentions that Defendants have raised in their motion to dismiss, including the contention that Plaintiff's claims must be presented through a derivative action rather than as individual claims.

8.      The various allegations and causes of actions in the Complaint revolve around Plaintiff's central contention that he and Defendant Roy P. Martin ("Roy Martin"), as equal owners of Quality Foods from the Sea, Inc. (the "Company"), agreed that they would each receive equal distributions or salary from the Company, but that thereafter Roy Martin received excessive company funds contrary to that

agreement. (Compl. ¶¶ 15–20, ECF. No. 3.) Plaintiff also contends that Roy Martin and Defendant Susan R. Martin ("Susan Martin") have improperly excluded Plaintiff from company decisions and management. (Compl. ¶ 22.) Plaintiff specifically alleges that Defendants "have failed to operate the Company in accordance with applicable law, professional standards, and [his] directions by, *inter alia,* failing to abide by numerous provisions of [the] North Carolina Business Corporation Act and failing to keep the company current and active with the North Carolina Department of Revenue." (Compl. ¶ 23.) Plaintiff seeks to have the Court declare that his contentions are correct. (Compl. ¶¶ 43–45.)

9. Section 7A-45.4(a) of the North Carolina General Statutes ("Section 7A-45.4(a)") provides either party with the unilateral right to timely designate an action as a complex business case so long as it involves a dispute enumerated in Section 7A-45.4(a)(1)-(6). *See* N.C. Gen. Stat. § 7A-45.4(a) (2015). Section 7A-45.4(a)(1) provides that a case can be designated as a mandatory complex business case when it "involves material issues related to . . . [d]isputes involving the law governing corporations." N.C. Gen. Stat. § 7A-45.4(a)(1).

10. Despite the fact that Plaintiff and Roy Martin are equal shareholders in the Corporation, Defendants allegedly have refused to provide Plaintiff with financial information or allow him to exercise his rights as a fifty percent shareholder of the Company. (Compl. ¶ 24.) Plaintiff has clearly raised a dispute involving Chapter 55 because he is seeking to establish the parties' rights and obligations as equal shareholders of the Company. (*See* Compl. ¶¶ 23–25.) However, Plaintiff

contends that designation of the case as a mandatory complex business case is not appropriate because the case is not complex, it does not present novel issues of corporate law, and any Superior Court Judge has jurisdiction to resolve the claims presented. (*See* Mem. Supp. Plaintiff's Mot. Opp'n Notice of Designation & For Remand 2–3, ECF No. 10.)

11. While a "material issue" related to the law governing corporations is required to support designation under Section 7A-45.4(a)(1), that section does not further require that the issue involve a claim of any particular complexity, involve any threshold minimum amount in controversy, or extend beyond the regular jurisdiction of any Superior Court Judge. For claims governed by Section 7A-45.4(a), so long as the amount in controversy is less than $5,000,000, either party to the litigation has the right, but not the obligation, to designate the case as a mandatory complex business case. *See* N.C. Gen. Stat. § 7A-45(a). Such cases are known as mandatory complex business cases. However, when a case involves claims governed by Section 7A-45.4(a) and the amount in controversy is $5,000,000 or more, then it must be designated as a complex business case. N.C. Gen. Stat. § 7A-45.4(b)(2). Those cases, along with actions involving issues of tax laws as specified in section 7A-45.4(b)(1), are known as "mandatory mandatory" complex business cases, because they must be designated as complex business cases. *See* N.C. Gen. Stat. § 7A-45.4(b)(1).

12. Plaintiff's Opposition seeks to graft onto the statutory designation procedure a requirement that a case present issues beyond those handled by regular

Superior Court Judges, who "are well versed in the applicable laws" and capable of managing the case. (*See* Mem. Supp. Plaintiff's Mot. Opp'n to Notice of Designation & For Remand 2–3.) There is no basis for reading any such requirement into Section 7A-45.4(a).

13. Plaintiff's argument is a variant of an underlying argument that the North Carolina Business Court is a court of special jurisdiction. It is not. The North Carolina Business Court is an administrative division of the General Court of Justice. A Business Court Judge is a Special Superior Court Judge within the General Court of Justice, Superior Court Division. *See* N.C. Gen. Stat. § 7A-45.3. When a case is designated as a mandatory complex business case, it is not removed to the Business Court; instead the venue continues to be the county of origin, and the Business Court Judge assigned to the case is commissioned as a Superior Court Judge for that county for purposes of hearing and considering matters arising within the specific designated case.

14. Prior to the enactment of Section 7A-45.4(a), the designation process was governed by Rule 2.1 of the General Rule of Practice for the Superior and District Courts. *See generally,* Mem. from Chief Justice Beverly Lake, Jr. on Guidelines for Assignment of Cases to the N.C. Business Court (March 7, 2001). The Chief Justice had the discretion to determine, based on a request, whether a case should be designated as a complex business case. For that reason, Rule 3.2 of the former General Rule of Practice and Procedure for the North Carolina Business Court ("Local Rules"), required a party seeking designation to address certain factors, including

complexity or novelty of issues.  *See* N.C. Bus. Ct. R. 3.2 (2006).  While such factors may still be relevant if a party moves to designate a case pursuant to Rule 2.1 of the General Rules of Practice for Superior and District Courts, they are irrelevant if designation is proper under Section 7A-45.4.  Because Defendants NOD is based on compliance with Section 7A-45.4(a)(1), the Court need not address the Rule 2.1 factors.

15.     Here, Defendants had a clear unilateral right to designate the action as a mandatory complex business case pursuant to Section 7A-45.4(a)(1).    The Complaint specifically raises a material dispute involving the law governing corporations, including disputes arising under Chapter 55 of the North Carolina General Statutes.  (*See* Compl. ¶ 23); *see* N.C. Gen. Stat. § 55-1-01 (2015).  That alone is sufficient to satisfy the statutory process.

16.     As the NOD was timely filed, the Opposition is OVERRULED and the Motion to Remand is DENIED.

IT IS SO ORDERED this the 19th day of January, 2018.

/s/ James L. Gale
James L. Gale
Chief Business Court Judge